# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| MARSHAUN STEWART | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv184 |
| WARDEN DANIELS | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Marshaun Stewart, formerly an inmate confined in the Federal Correctional Complex in Beaumont, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

Petitioner asserts that he has been improperly denied relocation to Denver, Colorado for placement in a Residential Reentry Center ("RRC") for an extended period so he could save money and work while trying to find a place to live upon his release. Petitioner states he is homeless and will be unable to live with his fiancé in her apartment because the landlord does not rent to sex offenders. Petitioner argues that the denial of his placement request violates the Second Chance Act.

## Analysis

The Second Chance Act of 2007, Pub.L. No. 110-199 (Apr. 9, 2008), which amends Title 18 U.S.C. § 3624(c)(1), increases the maximum allowable time frame for pre-release placement in a halfway house to 12 months and requires the BOP to make placement decisions on an individual basis based on the criteria set forth in the statute. Consistent with the Second Chance Act, the BOP revised its policies to require the review of inmates for halfway house placement to 17-19 months

before their projected release. *See Estrada v. Berkebile*, 2008 WL 3850870 (N.D. Tex. Aug. 18, 2008) (unpublished).

Placement in a halfway house is a privilege, not an entitlement. Inmates are permitted a maximum of 12 months in a Residential Release Center. That petitioner disagrees with the BOP's determination that he not be placed in an RRC for 12 months does not entitle him to relief. In a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, the petitioner bears the burden of establishing he is in custody in violation of the Constitution and laws of the United States. Petitioner's disagreement with the BOP's determination concerning the length of his placement in an RRC does not establish a constitutional violation as nothing in either the Second Chance Act or Section 3621(b) entitles petitioner or any other prisoner to any guaranteed placement in an RRC. *See Johnson v. Pearson,* 2009 WL 5217022 (S.D. Miss. Dec. 29, 2009); *Wilson v. Keffer,* 2009 WL 1230020 (W.D. La. May 5, 2009); *Reid v. Dewalt,* 2009 WL 2448023 (E.D. Ky. Feb. 11, 2009). "The duration of RRC placement is a matter to which the [Bureau of Prisons] retains discretionary authority." *Walker v. Sanders,* 2009 WL 2448023 (C.D. Cal. Aug. 10, 2009).

Further, inmates are to be individually considered for RRC placement using the following criteria set forth in U.S.C. § 3621(b): (1) the resources of the facility; (2) the nature and circumstance of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court which imposed the sentence; and (5) any pertinent information issued by the U.S. Sentencing Commission. In this case, the Bureau conducted an individualized assessment and noted that petitioner is not eligible for placement in an RRC because of his conviction for failure to register as a sex offender, poor institutional adjustment, and lack of community resources. Thus, the Bureau's determination that petitioner was not appropriate for immediate release is supported by the record, and was not an

abuse of discretion. Further, petitioner's request for relocation was submitted by the Bureau of Prisons to the appropriate agency, but his requests were denied by the United States Probation Office. Petitioner has failed to show any constitutional violation regarding the denial. Finally, a review of the docket in this action reveals petitioner has been released from prison; thus, the issues in this petition are moot because he is no longer confined in the Bureau of Prisons. Accordingly, petitioner's petition for writ of habeas corpus should be dismissed.

## Order

For the reasons set forth above, this petition for writ of habeas corpus should be dismissed. A final judgment will be entered in accordance with this memorandum opinion.

**SIGNED** this the **30** day of **September, 2014.**

_____
Thad Heartfield
United States District Judge